FILED

MAY 20 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

VICTORIA LECHLER,                    §
        Plaintiff,                   §
                                     §
                                     §        Civil Action No.
v.                                   §        DR-25-CV-0088-AM
                                     §
                                     §
UNION PACIFIC RAILROAD,              §
        Defendant.                   §

## ORDER

Before the Court is the Report and Recommendation of the Honorable Joseph A. Cordova, United States Magistrate Judge. (ECF No. 6.) The Court referred all pretrial matters under 28 U.S.C. § 636 to Judge Cordova on November 20, 2025. Judge Cordova now recommends dismissing this case without prejudice for failure to timely effect service. (ECF No. 6.) No party timely objected. After review, the Court **ADOPTS** the Report and Recommendation. (ECF No. 6.)

## I. BACKGROUND

The Plaintiff, Victoria Lechler, brought this civil action against Union Pacific Railroad under Title VII of the Civil Rights Act of 1964. (ECF No. 2.) Judge Cordova ordered the Plaintiff under Federal Rule of Civil Procedure 4(m) to provide proof of service or demonstrate good cause as to why service had not been executed by April 20, 2026. (ECF No. 5.) The Plaintiff did not provide proof of service or show good cause. As a result, Judge Cordova issued his order recommending that the case be dismissed without prejudice for failure to timely effect service. (ECF No. 6.)

## II. DISCUSSION

Parties may object to the proposed findings and recommendations of a Magistrate Judge within fourteen days after service of the Report and Recommendation. *See* 28 U.S.C. § 636(b);

FED. R. CIV. P. 72(b). Objections to the Report and Recommendation were due May 14, 2026. No party filed objections. Thus, the Court need not review *de novo* the pending matter. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Rather, the Court needs only to review the Report and Recommendation to determine whether it is erroneous or clearly contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After reviewing the Report and Recommendation, the Court finds that the Plaintiff failed to timely effect service. There is no clear error and there are no conclusions clearly contrary to law.[1] The Court therefore adopts the Report and Recommendation.

### III. CONCLUSION

The Court **ADOPTS** the Report and Recommendation [ECF No. 6].

IT IS **ORDERED** that this case is **DISMISSED**.

SIGNED and ENTERED on this 20th day of May 2026.

ALIA MOSES
Chief United States District Judge

---

[1] Although dismissal without prejudice is recommended, it is effectively dismissal with prejudice because the statute of limitations has expired. *Berry v. Cigna/RSI–Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period."). Even so, dismissal remains appropriate here, because there is "a clear record of delay or contumacious conduct" and a "lesser sanction would not better serve the interest of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citations and internal quotations omitted). The Plaintiff has taken no action in this case, resulting in "significant periods of total inactivity." *See id.* at 326–27 (citation omitted). The Plaintiff did not effectuate service, ignored Judge Cordova's Show Cause Order [ECF No. 5], and failed to object to the underlying Report and Recommendation. This conduct demonstrates there is no lesser sanction available. Thus, dismissal remains appropriate even though the result is effectively dismissal with prejudice.